IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

FILED
U.S. DISTRICT COURT

2006 DEC 15  P 2: 52

DISTRICT OF UTAH

BY:_____
DEPUTY CLERK

| | | |
|---|---|---|
| BRYAN BEKKEMELLOM, | : | Case No. 2:06 CV 318 BSJ |
| Plaintiff, | : | |
| vs. | : | ORDER |
| JO ANNE B. BARNHART,<br>Commissioner of Social Security, | : | Honorable Bruce S. Jenkins |
| Defendant. | : | |

Plaintiff Bryan Bekkemellom appeals a decision of the Commissioner of Social Security denying his applications for disability insurance benefits and supplemental security income. A hearing was held on November 29, 2006. After considering the evidence of record, the briefs of the parties and oral argument, the court affirms the Commissioner's decision denying benefits.

The final decision of the Commissioner in this matter was issued by an administrative law judge ("ALJ") on June 24, 2005, following a hearing. The ALJ found that Plaintiff had severe impairments, but nonetheless could return to his past relevant work as a fast food worker. He therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act, and denied his applications for benefits.

The court's review of the Commissioner's final decision under 42 U.S.C. § 405(g) is limited to whether substantial evidence in the record as a whole supports the ALJ's findings of fact and whether the correct legal standards were applied. See Doyal v. Barnhart, 331 F.3d 758, 760 (10th Cir. 2003). This court "may neither reweigh the evidence nor substitute [its] discretion for that of the [ALJ]." White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2002).

Plaintiff raised several issues on appeal: (1) the ALJ erred in rejecting the treating physician's opinion; (2) the ALJ erred in not finding Plaintiff's ankylosing spondylitis was a severe impairment; (3) the ALJ erred in finding the Plaintiff's impairments did not meet the requirements of a Listing; (4) the ALJ erred in determining Plaintiff's Residual Functional Capacity ("RFC"); and (5) the ALJ erred in finding the Plaintiff not fully credible.

First, Plaintiff contends that the ALJ committed legal error when he gave "reduced weight" to Dr. Stigge's opinion that Plaintiff had extreme functional limitations in virtually every rated area. The court finds that substantial evidence in the record supports the ALJ's finding that Dr. Stigge's opinion was not well supported by the evidence as a whole and was inconsistent with other substantial evidence in the record. Hackett v. Barnhart, 395 F.3d 1168, 1174 (10th Cir. 2005) (holding substantial evidence in the record supports the ALJ's decision to accord less than controlling weight to the treating physician's opinions). First, there is no evidence that Plaintiff had ever complained to Dr. Stigge of such extreme limitations or that examination had revealed any such problems. Second, Dr. Stigge continually treated Plaintiff with only pain medication and a recommendation to lose weight. Castellano v. Sec'y of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994) (finding the ALJ had properly rejected a treating physician's opinion). Therefore, substantial evidence supports the ALJ's decision to give reduced weight to Dr. Stigge's opinion.

Second, Plaintiff argues that the ALJ erred in not finding his ankylosing spondylitis a severe impairment at Step 2 of the evaluation. Plaintiff's argument that ankylosing spondylitis was a severe impairment is dependent upon the opinion of Dr. Stigge. Since the court has already determined that the ALJ properly gave reduced weight to Dr. Stigge's opinion, it need

only address whether the ALJ's failure to find that ankylosing spondylitis was a severe impairment was reversible error.

"In order to meet the burden of proof at step two, a claimant must demonstrate an impairment or combination of impairments that significantly limits the claimant's ability to do basic work activity." Hawkins v. Chater, 113 F.3d 1162, 1169 (10th Cir. 1997). "[T]he claimant must show more than the mere presence of a condition or ailment [ ]." Hinkle v. Apfel, 132 F.3d 1349, 1352 (10th Cir. 1997). Here, the ALJ thoroughly discussed the evidence of record concerning Plaintiff's alleged back impairments, including diagnostic tests that failed to confirm a diagnosis of ankylosing spondylitis. Therefore, the ALJ's failure to make a specific finding regarding this alleged impairment represented no more than harmless error. See Allen v. Barnhart, 357 F.3d 1140, 1145 (10th Cir. 2004) (harmless error applies to Social Security disability cases); see also United States v. Wacker, 72 F.3d 1453, 1473 (10th Cir. 1995) ("[A]n error is harmless unless it had a substantial influence on the outcome or leaves one in grave doubt as to whether it had such effect.").

Third, Plaintiff argues that the ALJ erred in determining that his impairments did not meet the Listing in 1.04 and in not calling expert medical testimony on the issue. Here, the ALJ analyzed the medical evidence and indicated that it did not describe the neuro-anatomic distribution of pain with limitation of motion of the spine, motor loss, sensory or reflex loss and positive straight leg raising, as required by Section 1.04A of the Listings (Tr. 19). See Angel v. Barnhart, 329 F.3d 1208, 1210-1212 (10th Cir. 2003) (because claimant lacked objective evidence that her back condition fulfilled all criteria, her back condition did not meet the Listings). In fact, the medical evidence of record fails to demonstrate that Plaintiff's alleged

-3-

impairments caused any severe functional limitations.  In addition, because the ALJ had properly

accorded Dr. Stigge's opinion reduced weight, it could not provide the basis for establishing that

Plaintiff's impairments were of disabling severity.  See Bean v. Chater, 77 F.3d 1210, 1214 (10th

Cir. 1995).  Because the ALJ found that the evidence did not establish that Plaintiff met or

equaled a Listing, testimony of a medical expert was not required.  See Social Security Ruling

(SSR) 96-6p.  Therefore, the ALJ's finding that Plaintiff's impairments do not meet a listing is

supported by substantial evidence.

Fourth, Plaintiff argues that the ALJ did not properly assess Plaintiff's RFC.  The court

finds that the ALJ properly relied upon the medical opinion evidence in the record to determine

Plaintiff's RFC.  The ALJ's assessment of Plaintiff's RFC is supported by the conclusions of the

State agency medical reviewers that Plaintiff was capable of a full range of light work.  The ALJ

is entitled to rely on the opinions of the State agency physicians.  See Hamlin v. Barnhart, 365

F.3d 1208, 1215 (10th Cir. 2004).  In addition, because the ALJ had properly accorded Dr.

Stigge's opinion reduced weight, it could not provide the basis for establishing that Plaintiff's

impairments were of disabling severity.  See Bean, 77 F.3d at 1214; Castellano, 26 F.3d at 1029.

Finally, Plaintiff asserts that the ALJ erred in discounting Plaintiff's testimony regarding

his physical restrictions.  An ALJ's "credibility determinations are peculiarly the province of the

finder of fact, and [the reviewing court] will not upset such determinations when supported by

substantial evidence." Bean, 77 F.3d at 1213.  The court finds that the ALJ's assessment that

Plaintiff's "allegations regarding his pain are far in excess of what the objective medical evidence

shows" is supported by substantial evidence.  First, the ALJ appropriately considered Plaintiff's

daily activities in determining his credibility.  See Huston v. Bowen, 838 F.2d 1125, 1132 (10th

Cir. 1988) (finding the nature of daily activities may be considered in evaluating credibility).

Second, the ALJ noted that although Plaintiff claimed to need to be on oxygen for 12 hours

"beyond sleeping" there is no reference in the medical evidence of record that he required any

oxygen during the day.  Such inconsistencies between the Plaintiff's testimony and the medical

records are supported by substantial evidence in the record.  Therefore, the court will not disturb

the ALJ's finding that Plaintiff was not credible.

CONCLUSION

Based upon the above analysis, IT IS HEREBY ORDERED that the Commissioner's

decision denying Plaintiff's applications for or disability insurance benefits and supplemental

security income is AFFIRMED.

DATED this  14  day of December, 2006.

BY THE COURT:

Bruce S. Jenkins
United States Senior District Judge